AO 93 (Rev 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No.  19-143-M-2
 )
2018 White Ford F250 vehicle, bearing New Jersey registration of )
U15JYJ (for more particularized description, )
See Attachment A) )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the       Eastern      District of        Pennsylvania
*(identify the person or describe the property to be searched and give its location)*:

2018 White Ford F250 vehicle, bearing New Jersey registration of U15JYJ (for more particularized description, See Attachment A)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Items as described in Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before      February 10, 2019      *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the duty magistrate.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for       days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of

Date and time issued:   1/29/19  9:30 am                         _____
                                                                                                      Judge's signature

City and state:    Philadelphia, PA                              ELIZABETH T. HEY, U.S. MAGISTRATE JUDGE
                                                                                           *Printed name and title*

AO 93 (Rev 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>19-143-M-2 | Date and time warrant executed:<br>01/31/2019 7:00 am | Copy of warrant and inventory left with:<br>Angelina D'Antonio |
| Inventory made in the presence of :<br>James Krieger | | |
| Inventory of the property taken and name of any person(s) seized:<br><br>Miscellaneous financial documents; one(1) cellular phone; brass knuckles | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 02/04/2019

_Executing officer's signature_

Scott Baber, Special Agent, FBI
*Printed name and title*

## ATTACHMENT A (VEHICLE)

The property and vehicle to be searched are:

1. White, 2018 Ford F250 bearing New Jersey registration U15JYJ.

2. Any and all cellular telephones located inside 2018 Ford F250 bearing New Jersey registration U15JYJ.

Photographs of the white 2018 Ford F250 bearing New Jersey registration U15JYJ are attached below:



## ATTACHMENT B

*Property to be seized*

The following items which constitute evidence of the commission of violations of the following offenses: making extortionate extensions of credit, in violation of 18 U.S.C. § 892, collections of extensions of credit by extortionate means, in violation of 18 U.S.C. § 894, and use and carrying a firearm during and in relation to a crime of violence, in violation of 18 United States Code, § 924(c)(1)(A) (SUBJECT OFFENSES):

1. Cellular telephones;

2. Financial and business records, including bank statements, canceled checks, checkbooks, passbooks, journals, ledgers, checks, drafts, letters of credit, certificates of deposit, wire transfer documents, money orders, withdrawal tickets, deposit slips, money cash bands, records of mutual funds, stocks, bonds, records of real estate transactions, invoices, bills, loan documents, business and financially-related correspondence and notes, certificates of insurance, lists of assets, records of safe deposit boxes, and all other items evidencing the obtaining, controlling, transfer, and/or concealment of assets and the obtaining, controlling, transfer, concealment and/or expenditure of money;

3. Address and/or telephone books, rolodex indices, business cards, and any papers reflecting names, addresses, telephone numbers, pager numbers, facsimile numbers, electronic mail addresses, and/or telex numbers of business associates, sources of supply, customers, employees, temporary workers, drivers used to transport workers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

4. Corporate and business bookkeeping records and other financial records including trial balances, general ledgers, subsidiary ledgers and journals, disbursement records and/or journals, accounts payable ledgers and records, payroll records, loan receivable and payable ledgers, and cash disbursement journals;

5. Personal financial records including tax records or notes or calculations used to prepare taxes, bookkeeping records, records reflecting budgets, income, expenses, investments, bank accounts and, expenditures including expenditure, investment or deposit of cash, or any record of disposition of cash;

6. Tax records, including tax returns, IRS forms, tax forms of equivalent state and local agencies, and correspondence with the IRS or equivalent state and local agencies;

7. Financial statements, bookkeeper's work papers and/or accountant's work papers used in the preparation of corporate and/or business records and tax returns; and

communications with accountants, bookkeepers, money service businesses, merchants, retailers, credit card companies, and/or banks personal financial records including tax records or notes or calculations used to prepare taxes, bookkeeping records, records reflecting budgets, income, expenses, investments, bank accounts and, expenditures including expenditure, investment or deposit of cash, or any record of disposition of cash;

8. Any and all banking records, including but not limited to monthly savings and checking statements, canceled checks and banking communications, deposit tickets, withdrawal receipts, certificates of deposits, pass-books, money drafts, money orders (blank or endorsed), check cashing logs, wire transfer logs, cashier's checks, bank checks, money orders, safe deposit box keys, safes, money wrappers and wire transfers.
9. Indicia of occupancy, residency, and ownership or use of the subject premises, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchase or lease agreements, identification documents and keys.

10. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, thumb drives, and other magnetic or optical media.

11. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as film, videos, or photocopies).

12. Surveillance camera recording equipment, including any storage medium associated with these cameras.

13. Records reflecting cashing of checks or any other check cashing business, or disposition of cash proceeds of that activity.

14. Firearms, as well as firearms paraphernalia, such as holsters, purchase boxes and ammunition.

15. United States Currency (USC)

Any and all cellular telephones located inside the SUBJECT RESIDENCE and SUBJECT VEHICLE may be seized and searched for the following items which constitute evidence of the SUBJECT OFFENSES:

1. Electronic communications relating to the criminal activity,

2. Telephone or address directory entries consisting of names, addresses, telephone numbers; logs of telephone numbers dialed, telephone numbers of incoming, outgoing or missed calls, text messages, schedule entries, stored memoranda, videos, social networking sites and digital photographs,

3. Lists of loan customers and related identifying information,

4. Types, amounts, and prices of loans as well as dates, places, and amounts of specific transactions,

5. Any information related to the making of loans, including names, addresses phone numbers, and any other identifying information,

6. Any information related to the methods of providing loans;

7. Any information recording domestic and international schedule or travel related to the described criminal activity, including any information recording a nexus to airport facilities, airport security, or airlines,

8. All bank records, checks, credit cards, credit card bills, account information, and other financial records,

9. Any information related to package delivery services, including but not limited to United States Postal Service, Federal Express and UPS,

10. All data that has been manually programmed into a GPS navigation system, as well as data automatically stored by the GPS navigation system,

11. Stored memoranda; stored text messages; stored electronic mail; stored photographs; stored audio; and stored video,

12. Evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software,

13. Evidence of the attachment of other devices,

14. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device,

15. Evidence of the times the device was used,

16. Passwords, encryption keys, and other access devices that may be necessary to access any of the devices,

17. Records of or information about Internet Protocol addresses used by the device,

18. Records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "Favorite" web pages, search terms that the user entered into any Internet search engine, and records or user-typed web addresses, as well as evidence of the posting of videos, photos, or any material relevant to these crimes to any social networking site.

19. Evidence of user attribution showing who used or owned the electronic devices at the time the things described above were created, edited, or deleted, such as logs phonebooks, saved usernames and passwords, documents, and browsing history.